# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## SOUTHERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **CLINT WEDLAKE** | : | |
| **3815 Brogan Court** | : | |
| **Burlington, KY 41005** | : | |
| | : | **Case No. _____** |
|     **PLAINTIFF,** | : | |
| | : | **Judge** |
| v. | : | |
| | : | **Magistrate Judge** |
| **INEOS ABS (USA) LLC** | : | |
| **356 Three Rivers Parkway** | : | **Jury Demand Endorsed** |
| **Addyston, Ohio 45001** | : |     **Hereon** |
| **Serve: CT Corporation System** | : | |
|     **4400 Easton Commons Way** | : | |
|     **Suite 125** | : | |
|     **Columbus, Ohio 43219** | : | |
| | : | |
|     **DEFENDANT.** | : | |

## COMPLAINT AND JURY DEMAND

Now comes the Plaintiff, Clint Wedlake, by and through counsel, and for his Complaint against Defendant, INEOS ABS (USA) LLC ("INEOS") states as follows:

### PARTIES

1. Plaintiff, Clint Wedlake, was formerly employed by the Defendant, INEOS.

2. Plaintiff was, at all relevant times, a resident and citizen of the Commonwealth of Kentucky.

3. Defendant, INEOS, is a corporation organized and existing under the laws of the State of Delaware.

4. INEOS operates as an employer within the State of Ohio.

5. INEOS is registered as a foreign corporation under the laws of the State of Ohio.

6. INEOS has its principal place of business in the state of Ohio in Hamilton County, Ohio.

## JURISDICTION AND VENUE

7. Plaintiff brings this suit under the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.*, and Ohio's anti-discrimination statutes, Ohio Revised Code ("ORC") §4112.01 *et seq.*, specifically, and Ohio common law.

8. This Court has original jurisdiction to hear all claims alleging a federal question under 42 U.S.C. § 12101, *et seq.* asserted herein pursuant to 28 U.S.C. § 1331.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

10. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) because the claims arose in this district and much of the evidence and witnesses are located in this district, as well as the relevant business location of Defendant being located in this district.

11. Plaintiff has filed a Charge of Discrimination against INEOS with the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC issued a Notice of Right to Sue to Plaintiff on August 15, 2022 (attached as Exhibit A).

**FACTUAL ALLEGATIONS**

13. Plaintiff began working as an employee for INEOS on or about November 9, 2015 as a Chemical Technician Shift Supervisor.

14. Throughout his employment, Plaintiff received positive performance reviews from his managers.

15. Plaintiff performed well at his job.

16. In 2018, Plaintiff's schedule as a Shift Supervisor changed.

17. In 2018, Plaintiff began working a rotating shift that rotated day to night shifts from week to week.

18. In other words, Plaintiff would work four days, 5:30 A.M. to 5:30 P.M., have four days off, then work 5:30 P.M. to 5:30 A.M., have four days off, and then rotate back and forth.

19. When this shift change occurred, Plaintiff was earning $45 per hour.

20. After the shift change occurred, Plaintiff began experiencing cardiovascular issues.

21. On February 25, 2021, while working the day shift, Plaintiff began feeling as though he was going to pass out around 7:00 A.M.

22. Plaintiff stated that everything became blurry, so he went to his immediate supervisor and asked to see the on-site nurse.

23. INEOS's on-site nurse examined Plaintiff and found his blood pressure to be a little high and his heart rate erratic.

24. INEOS's on-site nurse also performed an electrocardiogram ("EKG"), who showed premature ventricular contractions ("PVCs"), which are extra heartbeats

beginning in one of the lower heart pumping chambers which can disrupt the regular heart rhythms, causing a flutter or skipping beat.

25. INEOS's on-site nurse told Plaintiff he needed to go to the Emergency Room.

26. Plaintiff's wife took him to Christ Hospital's Emergency Room ("ER") in Cincinnati, Ohio.

27. Tests at the ER confirmed Plaintiff was experiencing PVCs.

28. ER doctors and nurses informed Plaintiff that the PVCs were likely related to his shift rotations.

29. ER doctors referred Plaintiff to a cardiologist with Christ Hospital, Dr. Santosh Menon.

30. Dr. Menon confirmed that Plaintiff's condition was related to the shift rotation.

31. Dr. Menon ordered that Plaintiff only work during the day until he could approve otherwise.

32. Shift rotations leading to cardiovascular issues is readily supported by current medical research.

33. Based upon the statements from his doctor, Plaintiff requested a reasonable accommodation – that INEOS change his shift so that he would only work during the day.

34. At no time did INEOS engage in any discussion with Plaintiff about other accommodations.

35. On March 31, 2021, INEOS denied Plaintiff's request for a reasonable accommodation.

36. On April 7, 2021, INEOS subjected Plaintiff to an annual review and informed him that he had performance issues and threatened to put him on a performance improvement plan.

37. Plaintiff's supervisor, INEOS Superintendent Steve Young, also denied Plaintiff's request for documentation to support any performance concerns.

38. In September 2021, Ms. Rolland, an INEOS Human Resources employee, told Plaintiff that there were no positions that would accommodate his disability.

39. Plaintiff was then placed on a two-year leave of absence without pay.

40. Plaintiff was told to apply for long-term disability benefits, which was ultimately denied.

41. Plaintiff has been denied the opportunity to work for INEOS since September 2021. However, Defendant finally re-employed Plaintiff on 8/15/22 at a salary is $60,336 as a Lab Technician, but this salary is greatly reduced from the wage he would have been earning had the Defendant complied with his request for a reasonable accommodation.

42. As a result, Plaintiff has lost earnings and job benefits and, further, has incurred emotional distress and mental anxiety.

43. Plaintiff filed a Charge of Discrimination against INEOS with the Equal Employment Opportunity Commission ("EEOC").

44. Both Plaintiff and INEOS filed position statements with the EEOC.

45. The EEOC issued a Notice of Right to Sue to Plaintiff on August 15, 2022 (attached as Exhibit A).

## COUNT I

### (Americans with Disabilities Act)

46. Plaintiff incorporates as if fully set forth Paragraphs 1 through 45 of this Complaint.

47. Plaintiff has an impairment that substantially limits one or more of his major life activities, a history or record of such impairment, or is regarded as having such an impairment, all within the meaning of 42 U.S.C. §12102(2).

48. Defendant discriminated against Plaintiff by treating him differently than similarly situated, non-disabled employees because of Plaintiff's disabilities, or because Defendant regarded Plaintiff as disabled.

49. Defendant discriminated against Plaintiff by terminating him for a medical condition which did not affect performances of his duties, once reasonably accommodated, and by denying Plaintiff a reasonable accommodation.

50. Defendant discriminated against Plaintiff without legitimate reason or rationale.

51. Defendant's conduct violated the ADA.

52. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

## COUNT II

### ORC § 4112.02 - Disability Discrimination

53. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 52 of this Complaint.

54. Plaintiff has an impairment which substantially limits one or more of his major life activities, a record of such an impairment, or is regarded as having such an impairment, within the meaning of ORC §4112.01 *et seq.*

55. Defendants discriminated against Plaintiff by treating him differently than similarly situated, non-disabled employees because of Plaintiff's disabilities or because Defendant regarded Plaintiff as disabled.

56. Defendant discriminated against Plaintiff without legitimate reason or rationale.

57. Defendant discriminated against Plaintiff by refusing to allow him a reasonable accommodation relative to his disability and consistent with his disability.

58. Defendant's conduct violates Ohio law as found in ORC §4112.01 *et seq*.

59. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

## COUNT III

### WRONGFUL DISCHARGE

60. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 59 of this complaint.

61. There are clear public policies expressed in both Ohio and Federal law that employees should not be the subjected to discrimination because of a disability.

62. Discriminating against an employee based on disability jeopardizes that public policy.

63. Defendant's conduct as described violated the clear public policy, in that Defendant attempted to avert the requirements of the Americans with Disabilities Act and the Ohio version thereof, by subverting the process and terminating him prior to even attempting to accommodate his disability.

64. Defendant lacked an overriding legitimate business justification for its actions.

65. Defendant's above-described conduct constitutes a breach of public policy and is willful, wanton, and malicious in nature.

66. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Clint Wedlake, respectfully prays for judgment in his favor and against Defendant, INEOS, for the following relief:

a. Lost wages and other employment benefits, past and in the future;

b. Compensatory damages in an amount to be determined by a Jury;

c. Equitable relief as may be appropriate, including injunctive relief, enjoining Defendant from discriminating against Plaintiff on account of his disability;

      d.      Reinstatement to his former position with a reasonable accommodation;

      e.      Punitive damages in an amount to be determined by a Jury;

      f.      Reasonable attorney's fees, expert witness fees, interest, and other costs for this action;

      g.      All other relief in law or equity to which Plaintiff may be entitled; and,

      h.      Trial by jury on all issues of fact, including damages.

*/s/ N. Jeffrey Blankenship*
N. Jeffrey Blankenship (Ohio Bar #0029634)
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500
PO Box 175710
Covington, KY 41017
(859) 426-1300
njblankenship@zslaw.com

*/s/ Randy J. Blankenship*
Randy J. Blankenship (Ohio Bar #0034594)
Blankenship, Massey & Associates
504 Erlanger Road
Erlanger, KY 41018
(859) 426-9000
rblankenship@nkylawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

*/s/ N. Jeffrey Blankenship*
N. Jeffrey Blankenship